Sealed

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. **11-20409 CR-MOORE**

/TORRES

18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957(a)
18 U.S.C. § 982
21 U.S.C. § 853

FILED by _____ D.C.

JUN 16 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

**UNITED STATES OF AMERICA**

**vs.**

**CARLOS ADOLFO YEPES PATINO,**

    **Defendant.**
_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

From on or about September 18, 2010, and continuing through on or about October 1, 2010, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

**CARLOS ADOLFO YEPES PATINO,**

did knowingly combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to commit certain offenses against the United States, in violation of Title 18, United States Code, Sections 1956 and 1957, namely:

    (a)    to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source,

ownership and control of the proceeds of specified unlawful activity, and while conducting such transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b)     to knowingly engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is the felonious importation, exportation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States and Colombia.

All in violation of Title 18, United States Code, Section 1956(h).

## COUNTS 2 – 7

On or about the dates specified as to each count below, in Miami-Dade and Broward Counties, in the Southern District of Florida, and elsewhere, the defendant,

### CARLOS ADOLFO YEPES PATINO,

did knowingly conduct a financial transaction affecting interstate and foreign commerce, involving the proceeds of specified unlawful activity, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity, and while conducting such transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

2

| Count | Approximate Date | Transaction |
|:---:|:---:|:---|
| 2 | September 23, 2010 | Approximately $50,000 transferred from Weston, Florida into Wachovia Bank account ending in 7062, located in Miami, Florida. |
| 3 | September 23, 2010 | Approximately $35,466 transferred from Weston, Florida into HSBC bank account ending in 061-2, located in New York, New York. |
| 4 | September 23, 2010 | Approximately $30,000 transferred from Weston, Florida into Bank of America bank account ending in 5736, located in Miami, Florida. |
| 5 | September 24, 2010 | Approximately $50,150 transferred from Weston, Florida into HSBC bank account ending in 061-2, located in New York, New York. |
| 6 | September 29, 2010 | Approximately $52,200 transferred from Weston, Florida into HSBC bank account ending in 061-2, located in New York, New York. |
| 7 | September 29, 2010 | Approximately $19,150 transferred from Weston, Florida into HSBC bank account ending in 8-838, located in Hong Kong. |

It is further alleged that the specified unlawful activity is the felonious importation, exportation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States and Colombia.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## COUNTS 8 – 13

On or about the dates specified as to each count below, in Miami-Dade and Broward County, in the Southern District of Florida, and elsewhere, the defendant,

3

**CARLOS ADOLFO YEPES PATINO,**

did knowingly engage in a monetary transaction affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000 and is derived from specified unlawful activity.

| Count | Approximate Date | Transaction |
|-------|------------------|-------------|
| 8 | September 23, 2010 | Approximately $50,000 transferred from Weston, Florida into Wachovia Bank account ending in 7062, located in Miami, Florida. |
| 9 | September 23, 2010 | Approximately $35,466 transferred from Weston, Florida into HSBC bank account ending in 061-2, located in New York, New York. |
| 10 | September 23, 2010 | Approximately $30,000 transferred from Weston, Florida into Bank of America bank account ending in 5736, located in Miami, Florida. |
| 11 | September 24, 2010 | Approximately $50,150 transferred from Weston, Florida into HSBC bank account ending in 061-2, located in New York, New York. |
| 12 | September 29, 2010 | Approximately $52,200 transferred from Weston, Florida into HSBC bank account ending in 061-2, located in New York, New York. |
| 13 | September 29, 2010 | Approximately $19,150 transferred from Weston, Florida into HSBC bank account ending in 8-838, located in Hong Kong. |

It is further alleged that the specified unlawful activity is the felonious importation, exportation, receiving, concealing, buying, selling, and otherwise dealing in a controlled substance, punishable under the laws of the United States and Colombia.

4

In violation of Title 18, United States Code, Sections 1957(a) and 2.

## CRIMINAL FORFEITURE

1.    The allegations in Counts 1 through 13 of this Indictment are realleged and by this reference fully incorporated herein for purposes of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2.    Upon conviction of any of the violations alleged in Counts 1 through 13, defendant **CARLOS ADOLFO YEPES PATINO** shall forfeit to the United States any property, real or personal, involved in the aforestated offenses and any property traceable to such property, including but not limited to, the following: $501,011 in United States currency.

Pursuant to Title 18, United States Code, Section 982(a)(1).

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant **CARLOS ADOLFO YEPES PATINO,**

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

5

All pursuant to Title 18, United States Code, Section 982 and Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

WIFREDO A. FERRER
UNITED STATES ATTORNEY

JARED E. DWYER
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

CARLOS ADOLFO YEPES PATINO,

Defendant.
_____/

CASE NO.   _____

**CERTIFICATE OF TRIAL ATTORNEY***

**Superseding Case Information:**

**Court Division:** (Select One)

| | | | |
|---|---|---|---|
| X | Miami | ___ | Key West |
| ___ | FTL | ___ | WPB  ___ FTP |

New Defendant(s)          Yes _____   No _____
Number of New Defendants        _____
Total number of counts         _____

I do hereby certify that:

1.  I have carefully considered the allegations of the information, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:      (Yes or No)      Yes
    List language and/or dialect      Spanish

4.  This case will take      5      days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | |
| II | 6 to 10 days | ___ | Minor | |
| III | 11 to 20 days | ___ | Misdem. | |
| IV | 21 to 60 days | ___ | Felony | X |
| V | 61 days and over | ___ | | |

6.  Has this case been previously filed in this District Court? (Yes or No)      No
    If yes:
    Judge: _____      Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?      (Yes or No)      No
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____      District of _____

    Is this a potential death penalty case? (Yes or No)      No

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   X   No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   X   No

_____
JARED E. DWYER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. A5501240

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** CARLOS ADOLFO YEPES PATINO

**Case No:** _____

Count 1:

Conspiracy to launder money

Title 18, United States Code, Section 1956(h)

**\* Max. Penalty:**    Twenty (20) Years' Imprisonment

Counts 2-7:

Laundering of monetary instruments

Title 18, United States Code, Section 1956(a)(1)(B)(i)

**\* Max. Penalty:**    Twenty (20) Years' Imprisonment

Counts 8-13:

Engaging in monetary transactions in property derived from specified unlawful activity

Title 18, United States Code, Section 1957

**\* Max. Penalty:**    Twenty (20) Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**