UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:11-cr-20409-KMM

UNITED STATES OF AMERICA,

v.

CARLOS ADOLFO YEPES PATINO,

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Carlos Adolfo Yepes Patino's (1) ("Defendant") Motion to Dismiss Indictment Based on Violation of Speedy Trial Provisions of the Sixth Amendment to the United States Constitution and Fed. R. Crim. P. 48(b). ("Mot.") (ECF No. 15). The Government filed a response, ("Resp.") (ECF No. 18), and Defendant filed a reply, ("Reply") (ECF No. 29). The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge. (ECF No. 18). Magistrate Judge Louis issued a Report and Recommendation ("R&R") recommending that Defendant's Motion be GRANTED. (ECF No. 30). The Government filed Objections to the R&R. ("Objs.") (ECF No. 33). Defendant filed a response to the Government's Objections. ("Objs. Resp.") (ECF No. 34). The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem,*

*Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

In Defendant's Motion, he argues that the Indictment (ECF No. 3) should be dismissed due to violations of his Sixth Amendment right to a speedy trial and Federal Rule of Criminal Procedure 48(b). *See generally* Mot. In response, the Government argued that although the delay may have been unreasonably long, other considerations weigh against finding that Defendant's right to a speedy trial was violated. *See generally* Resp. In the R&R, Magistrate Judge Louis recommends that Defendant's Motion be GRANTED. The Court agrees.

In the R&R, Magistrate Judge Louis sets forth the following relevant facts. First, Defendant, a life-long resident of Colombia, was indicted under seal in 2011 for "one count of conspiracy to launder money; six counts of laundering money in violation of Title 18, United States Code, Sections 1956(a)(l)(B)(i) and 2; and six counts of laundering money in violation of Title 18, United States Code, Sections1957(a)[.]" R&R at 1–2. Second, the charges arose from "from two money transactions that occurred in the Fall of 2010." *Id*. at 2. Third, Defendant was confronted about these transactions and agreed to cooperate with the Government during a meeting with law enforcement officers in Panama City, Panama—but later disconnected his phone after returning to Colombia. *Id*. Fourth, in 2019, "over eight years after the sealed indictment was filed, the Government filed an extradition request to the Country of Colombia." *Id*. Fifth, Defendant was subsequently arrested in Colombia and he "waived formal extradition proceedings in order to expedite his arrival to the United States[.]" *Id*. Sixth, twenty-eight days after his initial appearance, Defendant "moved to dismiss the indictment against him based on the violation of the speedy trial provisions of the Sixth Amendment to the United States Constitution and [Rule] 48(b)

arising from the more than eight-year delay between the filing of the indictment against him and his arrest." *Id*. at 3.

Magistrate Judge Louis considered Defendant's Motion under the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972) ("[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."). As set forth below, Magistrate Judge Louis finds that each factor weighed against the Government.

First, Magistrate Judge Louis finds that the "the exceptional length of delay weighs against the Government." R&R at 4 (citing *United States v. Villarreal*, 613 F.3d. 1344, 1351 (11th Cir. 2010) (other citations omitted)); *see also Doggett v. United States*, 505 U.S. 647, 652 (1992) (holding that delays of over one year are considered presumptively prejudicial). The Government did not dispute that this factor weighs against the Government. *Id*. (citing Resp. at 4).

Second, Magistrate Judge Louis finds that the Government did not meet its burden to demonstrate that there was an adequate reason for the delay. *Id*. at 5. Magistrate Judge Louis finds that Defendant's failure to contact law enforcement is not an adequate reason for delay because "'[a] defendant has no duty to bring himself to trial; the Government has that duty' and as such, 'the burden is on the prosecution to explain the cause of the pre-trial delay.'" *Id*. (citing *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir. 2006) (citing *Barker*, 407 U.S. at 527; *United States v. Brown*, 169 F.3d 344, 349 (6th Cir. 1999)). Here, Magistrate Judge Louis notes that Defendant was not even aware of the sealed indictment and the Government failed to submit sufficient evidence as to why the delay was necessary to protect a confidential source, as it suggested. *Id*. at 6–7.

Third, Magistrate Judge Louis finds that Defendant has timely and diligently asserted his right to speedy trial because the "singular interaction" that Defendant had with law enforcement

3

could not have put him on notice of charges against him—particularly here where the indictment was sealed. *Id*. at 7–8.

Fourth, Magistrate Judge Louis finds that because the first three factors weigh against the Government, Defendant need not prove specific prejudice. *Id*. at 8 (citing *United States v. Ebanks*, Case No. 03-cr20954, 2009 WL 2852737, at *6 (S.D. Fla. Sept. 2, 2009); *Ingram*, 446 F.3d at 1336). However, in any event, Magistrate Judge Louis finds that prejudice should be presumed here because, although the Government has the evidence that it intends to use to prove Defendant's guilt, the Government has not contradicted Defendant's assertion that "the passage of time has resulted in the destruction of evidence including bank records, cellphone records, and credit card records." *Id*. at 9.

In its Objections, the Government first argues that Defendant was responsible for the delay and that this factor, under the *Barker v. Wingo* analysis, should weigh against Defendant. *Id.* at 4–5. The Government contends that through his interactions with law enforcement, Defendant was made aware of "specific charges that he faced in the United States, the length of a potential sentence, and shown some of the evidence against him prior to signing a cooperation agreement with law enforcement." *Id*. at 5. The Government also proffers a new fact to the Court—that Defendant ceased travel to the United States after his meeting in Panama City with law enforcement. *Id*. Additionally, the Government argues that Defendant changing his phone number and failure to reach out to law enforcement are reasons for the delay. *Id*.

The Government's first argument fails for the following reasons. First, the Government did not even address the R&R's statement that "'[a] defendant has no duty to bring himself to trial; the Government has that duty' and as such, 'the burden is on the prosecution to explain the cause of the pre-trial delay.'" R&R at 5 (citing *United States v. Ingram*, 446 F.3d 1332, 1336 (11th Cir.

4

2006) (citing *Barker*, 407 U.S. at 527; *United States v. Brown*, 169 F.3d 344, 349 (6th Cir. 1999)). The Government's arguments do not meet its burden. Second, even if Defendant stopped traveling to the United States, that does not explain why the Government did not seek to extradite him to the United States sooner.[1] Third, the Government's assertion that a cause of the delay was because Defendant stopped traveling to the United States is in tension with its assertion to Magistrate Judge Louis that Defendant was not arrested in order to protect a confidential source. The Government does not assert that Defendant would have been arrested if he had actually traveled to the United States. Nor does it explain how Defendant's arrest in the United States would have been pursued in light of their purported concerns for a confidential source. Fourth, relatedly, the Government does not even address Magistrate Judge Louis's finding that their assertion of a need to protect a confidential source was unsupported by evidence, nor does it make any assertion relating to confidential sources at all. Fifth, although Defendant had been informed of "potential charges" against him, there is no indication that he was told that he had already been charged in a sealed indictment. *See generally* Objs. Thus, the Government's expectation that Defendant should have traveled to the United States to turn himself over for charges that he was not even aware existed is a tenuous argument, at best. Sixth, the Government does not cite any authority for the proposition that a defendant unreasonably delays trial where he or she fails to provide law enforcement with an up-to-date telephone number or otherwise affirmatively communicate with the authorities. *Id*. To the contrary, as noted by Magistrate Judge Louis, "[a] defendant has no duty to bring himself

---

[1] The Government's Objections inform the Court that Defendant travelled from Colombia to the United States on multiple occasions between 1999 and 2005. Objs. at 4, n.1. Thus, approximately five years elapsed between Defendant's last trip to the United States and his meeting with law enforcement in Panama. Accordingly, the Government's implicit assertion that Defendant stopped going to the United States to avoid being arrested is tenuous because Defendant had not traveled to the United States since 2005 and there is no indication that he would have again, but for his interaction with law enforcement in Panama.

to trial; the Government has that duty[.]" R&R at 5 (citing *Ingram*, 446 F.3d at 1336 (other citations omitted)). In sum, the Government has not explained why Defendant—who was not even aware of the fact that he had been indicted—was responsible for the delay and therefore has failed to meet its burden.

The second objection raised by the Government is that Defendant did not assert his speedy trial right in a timely manner and that he cannot show actual prejudice. The Court considers the two parts of this objection below.

The Government argues that Defendant could have asserted his right to a speedy trial sooner because "law enforcement advised the Defendant of the *potential charges*, the penalty for those charges, and in response, the Defendant requested the opportunity to cooperate." Objs. at 5–6 (emphasis added). Yet, the Government cites to no authority for the proposition that someone can even invoke their right to a speedy trial after being informed of "potential charges." *Id.* at 5. The Government has not suggested that Defendant was actually informed of the existence of the sealed indictment. *Id.* at 5–6. The right to a speedy trial begins with a criminal indictment. *See, e.g., Doggett*, 505 U.S. at 652 (measuring the length of delay from the time of indictment to time of arrest). Thus, Defendant was unaware as to the essential facts necessary for an individual to take the initiative to exercise one's rights under the Sixth Amendment. For these reasons, the Court agrees with Magistrate Judge Louis that the Government has not demonstrated that Defendant failed to assert his right to a speedy trial in a timely manner.

The Government acknowledges that "[a] defendant must show actual prejudice, unless the first three *Barker* factors 'all weigh heavily against the Government.'" Objs. at 6 (quoting *United States v. Cadet*, 521 F. Supp. 2d 1351, 1356 (S.D. Fla. 2007)). However, the Government has raised an objection as to the issue of prejudice because it "still maintains that only one of the first

three factors weighs against the Government." *Id*. The Government contends that Defendant was not prejudiced because, after having been made aware of the potential charges against him, "Defendant had the opportunity to collect the necessary evidence for his defense at that time, and specifically, he confessed to his involvement in the money laundering scheme that forms the basis of his indictment." *Id*. The Government also notes that Defendant was shown certain evidence against him. *Id*. Here, the issue of prejudice is not dispositive in this case because the first three *Barker* factors weigh heavily against the Government. *Cadet*, 521 F. Supp. 2d at 1356. However, it bears mentioning that the Government has still not disputed Defendant's assertion that "the passage of time has resulted in the destruction of evidence including bank records, cellphone records, and credit card records." R&R at 9. Further, even if Defendant hypothetically could have gathered evidence in the past, any evidence gathered by Defendant after having been made aware of "potential charges" could have been adversely impacted by the passage of time. Thus, Magistrate Judge Louis is correct that this factor weighs against the Government.

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Louis's R&R (ECF No. 30) is ADOPTED. The Indictment (ECF No. 3) is DISMISSED. The Clerk of Court is INSTRUCTED to CLOSE this case. All pending motions, if any, are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this _24th_ day of June, 2021.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record